Case number 18-4074, Leslie Cole v. Paper Street Group, LLC. All right, would the lawyers who are going to argue the case please approach the bench and introduce yourself to the court. Good morning, Judge. Patrick Crowder on behalf of the appellants. Danita Davis on behalf of Paper Street, LLC and Paper Street Group. You're going to have 15 minutes, okay, and the appellant, do you want to reserve some time for rebuttal? Judge, I'll just use it all at once. Okay. Okay, let's proceed. Okay. Judge, really what this case, and I'm not going to go through the facts because we're all probably well aware of the facts. This is a slip and fall on a set of stairs in the back of a complex located on the city's south side of 6605 Kimbark. Really what this case comes down to are two different issues dealing with natural and unnatural accumulation and notice. Specifically, I think the biggest issue comes down here and it's cited in the… Let me ask you this question. I think that's the heart of the case. Okay. I believe your claim, although you talk about faulty gutters, I think what you're trying to say is that icicles form on the gutters, isn't that what you're trying to say? That is absolutely correct. Okay. And that these icicles are an unnatural accumulation. That is exactly correct. Okay. But on the day in question and during that week, it was snowing and there was snow on the stairway. That is correct. So how do you show that the natural, you know, that your client fell on the unnatural accumulations and not the natural accumulations? Well, Judge, the ice here, again, is under the snow and as we've seen the pictures, it's pretty much all over the stairs. There's testimony from my client that she sees these, that she sees dripping water on numerous prior occasions. Is that fact in and of itself indicative that it's defective? Didn't you need some type of expert to come in and say that should not have happened? And Judge, in response to that, I don't think we are required to prove that the accumulation that was unnatural came from a defective item, meaning that the gutter itself did not need to be defective in order to render this condition that my client fell on an unnatural accumulation. So the landlord is on the hook for something that's not defective that would just happen and you have no testimony to that effect other than your client? Well, the defective part is the unnatural accumulation. Now, again, it's the appellant's position that whatever it might have been, in this case the gutter, in other cases such as cases where we've all seen instances where there's big snow mounds, there's not a really defective condition that's creating this. And I think our biggest position here is that the law doesn't require us to demonstrate that the unnatural accumulation came from a defective condition. It's enough that the accumulation... Well, how are you going to establish negligence on the part of the landlord? Well, Judge, because... If it's not defective, then what did the landlord do wrong? Well, the unnatural accumulation is the defective portion of this. And again, just going back to it, and forgive me for repeating myself, but it's not the condition that causes the unnatural accumulation that is at issue here. It's the unnatural accumulation itself is the defective condition. It does not require that, for example, there were some cases cited by a defendant where an expert had assessed the gutter and that there was a hole in the gutter and it was leaking and causing this dripping to create an unnatural condition. I have not seen, nor seen via my own research or based on anything that defense counsel has presented, that the law requires this unnatural accumulation to be caused by something that's defective. In this case... Let me interrupt you for a second. I think what you're trying to say here is that the mere fact that the icicles are hanging, right, is that the gutters are defective, right? How do we get to that? I mean, how do we get to the fact that just because there's icicles hanging from the gutter, the gutters are faulty? And again, Judge, it's, I think, again, focusing on the defectiveness of the gutter, the defective condition, I believe, is the unnatural accumulation here that is on the stairs that my client slips on that she ties up through her own testimony, saying she's seen this dripping water in the past that has come down and created this condition. And I don't think the law requires us to show that this gutter is defective, only that it's creating this unnatural accumulation, which, i.e., is the defective condition. Well, let's assume for the sake of argument that you're correct, okay? The problem is that you allege that it's defective. You don't say that it's a cause of an unnatural accumulation. That's what you should have done. But here's where your problem area is. It's one of causation. Rarely does anyone win on a case of unnatural without an expert because you have to be able to show that that caused the accident, that it wasn't the natural accumulation that existed. And that's what you didn't do here. You didn't show through expert testimony. You know, not every case requires expert testimony, but it does when you have natural and unnatural accumulations. You have to have an expert or somebody with some knowledge that's going to say that the icicles caused the ice that your client slipped on. And you didn't do that. I understand, Your Honor. And I don't think that, in this case, expert testimony was required. I mean, we had numerous different pictures, and I know we supplemented with the cause of accident. Mr. Pauly, can you walk me through procedurally what occurred below? It seemed to me that the argument for summary judgment went on, the trial judge made the ruling, and the trial judge adjourned court, and somehow the plaintiff continued to make a record? I'm a little befuddled by that one. Yeah. What had happened here was the original brief that was submitted cited a Rule 23 opinion, and it was by accident. So when my colleague began to – it wasn't me arguing the motion, but when my colleague realized that it was an unpublished opinion, he then made a record. Without the court being in session? That's what it seems like there again, Judge. I'm sorry, I wasn't there on that day, so I can't speak to it. But, yes, it looks like he continued to make a record after the judge had stepped off the bench. I have a question regarding notice. It appears in the record that there was no complaints by your client with regards to the water, the accumulation, the icicles. There was no notice provided to the owner of the property. So how do we get to this issue that, you know, it was the unnatural accumulation, right? Correct. The cost of the fall, but yet there doesn't appear to be any evidence to substantiate that, that there was a pattern, because it was never provided notice to the property owner. Correct. And, Judge, there's two forms of notice here, and I understand, and, you know, I understand your position on the actual notice, which would be the actual notice from my client or somebody else, whether that be another tenant or somebody else complaining about it to the landlord. However, as we all understand, is that the constructive notice is just as good as actual notice here. And, again, directing the attention to the photographs. I mean, this, and I dealt with, I do city slip and fall cases all the time with concrete, and, you know, our biggest argument there is this stuff doesn't happen overnight. When we look at the icicle formation that's all over this building, it's not, and how thick it is. I mean, when we're looking at the formation of these icicles, I mean, and specifically referencing C401, which was the supplement of the colored photographs by my office. C403, C404, this shows a very dense, thick ice formation. It's not going to happen overnight. I mean, even if we're talking about the times of year where, you know, which is like this time of year where, you know, we're off in Chicago. We know Chicago weather can be like yesterday, 80 degrees and then 40 degrees today. Likewise, in these months, it can be 45 degrees and 20 the next day. I mean, that's, it's not, even an abrupt change overnight is not going to cause icicle formation. It's going to be three to four inches thick. And all over, looking at these pictures are not just focused on one area of this, what would be, for lack of better terms, this awning and then the railings around it. I mean, we're looking at, again, going back to the. . . Is this knowledge or is this knowledge that you need to prove through an expert witness? I'm sorry, Judge, the formation. Are we focusing on the formation due to Your Honor's question of the notice or. . . Judge, I mean, I think this is common knowledge. A juror can look at this and clearly understand the argument that I'm making right now that this formation of ice, especially looking at how. . . Do you have any case that ever said that? Judge, I don't know of one. But again, I. . . I know cases that have held contrary to that, unassumed. So I don't know where you're going when you don't have a citation to show us. Yeah, Judge, I mean, just in. . . I don't have a citation, but just in response to Your Honor's comment, I think that's an argument that's clearly. . . It would clearly be understood by a juror that this type of. . . I mean, especially in the area. . . I mean, obviously, we're taking jurors from Cook County who have lived in this area their entire lives. I mean, your firm is in the personal injury business. They know what they have to prove. Correct. They didn't do it. And, Judge, I would just. . . I would like to respectfully disagree that I think that this. . . The extent of this ice formation, in particular this case. . . If it was just a few hanging icicles, I could understand Your Honor's position. But the extent of the formation. . . And, again, specifically referencing one of the clearer pictures, C-401. I mean, this. . . We're talking about. . . It appears to be in some of these photos that there's three to six inches of ice formation on this railing. And that just clearly doesn't happen overnight. So can we say. . . I'm sorry to interrupt you, but. . . Doesn't he say this is just open and obvious then? I mean, you should have avoided the condition, right, if it's that bad. Judge, that's not one of the issues on appeal here. At least from my review of the records. But, again, this is the. . . So, again, addressing open and obvious. . . I don't think that's one of the issues that we're dealing with here today. And, you know, specifically looking at these pictures. . . These are not the exact. . . Obviously not the exact ice formations that she slipped on. But it's. . . It's showing that. . . You know. . . That the. . . You know, there's going to be. . . You know. . . Accumulation trickling down from these. And, again, through her testimony that she has seen in the past. . . This accumulation that had trickled down from these ice formations from the gutters. . . I think is sufficient. Especially under the summary judgment standard.  So, I think. . . You've closed discovery at that point. There's nothing new coming up. Isn't that correct? Correct. And didn't the trial court find that you needed to have an expert testify. . . Regarding the question of the accumulation of the ice? Yes. And, again, Judge, I understand your position. And I understand both your positions. But, again, I don't think in this case. . . Based on the facts of it. . . That we needed an expert to testify to this. First and foremost. . . Because my initial argument that was going to be. . . That the law doesn't require a defective example gutter. . . Or a defective whatever it might be in a house. . . To be causing this unnatural accumulation. Because the defectiveness is an unnatural accumulation itself. And, secondly. . . Based on the photographs that we've submitted. . . I think it's kind of a common sense thing. . . That a juror can look at those. And they can say. . . Well, this condition doesn't happen overnight. And, I mean, I've done. . . I've had this. . . And I've been successful with this. . . In many different circumstances. . . Whether it be fighting a summary judgment. . . Or even getting a jury trial verdict against the city. . . In cases like this. . . Specifically dealing with. . . You know. . . Broken concrete issues. . . Because, as we all know. . . The city employees aren't jumping up. . . To admit that they. . . You know. . . Knew of the condition. So. . . That being said. . . I think it's really analogous to that. . . In that. . . There's not. . . There wouldn't be an expert. . . Required as to this notice condition. . . Because it's so clear. . . That. . . That. . . And, again. . . We're looking at it from. . . You know. . . The point of an expert. . . Is obviously to explain to the jury. . . That. . . You know. . . A circumstance that. . . Would be beyond their average comprehension. Just like. . . You know. . . Just like. . . The law requires. . . The 62. . . Of medical malpractice cases. . . You're going to have to sum up. . . Your past your time. I'm sorry, Judge. Your past your time. My apologies, Judge. And. . . Basically, what this comes down to. . . Is the. . . The two aspects that I said. . . Is that. . . The law does not require. . . A. . . It requires. . . To prove that. . . The. . . Defective condition. . . Which is the unnatural. . . Accumulation. . . That was. . . Present here. . . On the stairs. . . Came from a defective. . . Device. . . Or products. . . Whether that be. . . A gutter. . . Or whatever. . . Whatever else. . . Can. . . You know. . . Origin of. . . The. . . Accumulation was. . . And secondly. . . That's the. . . As to the notice. . . That this is a circumstance. . . Based on. . . The facts of this case. . . That. . . An average juror. . . Can look at these photos. . . And say. . . This condition. . .  Overnight. . . It could not happen. . . Overnight. . . And I believe. . . Both of those are. . . Both of those. . . Create the. . . Issue of fact. . . That we need. . . In order. . . To present. . . This case. . . To a jury. Thank you. Thank you. Thank you. Good morning. Good morning. May it please the court. . . Again. . . My name is. . . Danita Davis. . . And I represent. . . Paper Street. . .     That counsel. . . Mentioned. . . In this case. . . In this case. . . In this case. . . In this case. . . In this case. . . It seems that. . . Ms. Cole is. . . Asking. . . This court. . . To infer. . . That icicles. . . Automatically mean. . . That there is an unnatural. . . Accumulation. . . And I think. . . The. . . Holdenman Crane. . . Is contrary. . . To that belief. . . I think. . . Illinois law. . . Requires that. . . For a finding of unnatural. . . Accumulation. . . To defeat. . . Someone. . . Judgment. . . It must be based. . . On an identifiable. . . Cause. . . And that identifiable. . . Cause. . . Must. . . Have. . . Aggravated a. . . Or have been aggravated. . . Or some type of defect. . . That caused. . . The icicles to form. . . I think if we accept. . . That. . . The presence of icicles. . . De facto means. . . That there's a. . . Well. . . Aren't they arguing more than that? Aren't they arguing. . . That you have the icicles. . . But then it's. . . With the dripping of the icicles. . . Which causes. . . The. . . The ice. . . On the steps. . . You know. . . Well I think a. . . Melting icicles. . . That refreeze. . . Is. . . I don't think it would create. . . A. . . Another. . . Unnatural accumulation. . . I think something would have to. . . You know. . . Tie that nexus. . . In between. . . What's. . . That cause. . . I think if every. . . Snow that. . . Melts. . . And refreezes. . . Is unnatural. . . Regarding. . . Regardless of a. . . Aggravated condition. . . I think. . . That would be a. . . Very difficult standard. . . For any. . . Homeowner. . . Any business owner. . . In Chicago. . . Since. . . You know. . . The presence of icicles. . . Happen. . . Regularly here. . . Just because of the. . . Climatic. . . Conditions. . . I think there. . . Needs to be some type of. . . Defect. . . That is identified. . . In a nexus. . . Between that defect. . . And the. . . Refreezing of the ice. . . On the stairs. . . That caused her. . . Fall. . . I just don't think that. . . Evidence was presented. . . At the summary. . . Judgment hearing. . . I think your. . . Best argument. . . Is causation. . . That there's no. . . There's no cause. . . That the. . . Well. . . It could have been the. . . Snow melting. . . And refreezing. . . That caused her. . . Fall. . . I don't think we had any. . . Testimony in the record. . . From anyone. . . Really identifying. . . The cause. . . Of the. . . The ice. . . Or the. . . Where she fell. . . And I don't think my. . . Client did anything. . . To. . . You know. . . Cause that. . . To happen. . . There was no testimony. . . That the. . . There were any defects. . . No building code violations. . . No complaints from other. . . Tenants. . . And. . . You know. . . Ms. Cole herself testified. . . She had never. . . Had any problems. . . With those stairs. . . Until the day of her fall. . . And. . . I think. . . Without more. . . So. . . Would it be constructive notice. . . If icicles formed. . . Under gutters. . . And. . . Constantly dripped. . . Onto the stairs. . . I mean. . . Wouldn't that be constructive notice. . . If somebody owned a building. . . For years. . . And. . . You know. . . Would kind of know that. . . Wouldn't they know that. . . If. . . If there was a constant. . . And. . . It was dripping. . . And causing issues. . . Then I think. . . If. . . A landowner. . . Or a property manager. . . Will have constructive notice. . . But here. . . Ms. Cole never testified. . . That she had any issues. . . With the icicles. . . And. . . That there was no issue. . . With the stairs. . . Before the day of her fall. . . The maintenance man testified. . . That the icicles. . . Were there. . .  Mr. Hernandez. . . Was at the property twice. . . And he said. . . That he. . . Informed. . . The maintenance man. . . And. . . The. . . Principals of Paper Street. . . That he saw. . . Ice forming. . . On the railings. . . He doesn't recall. . . When he told them. . . He doesn't recall. . . What he said. . . And. . . I think. . . Based on his testimony. . . He also said. . . He didn't see any problems. . . With the stairs. . . I. . . I think that. . . That would not be constructive notice. . . Because I don't think. . .  Even. . . Or the. . . Principals of Paper Street. . . Didn't recall hearing anything. . . About icicles. . . Dripping. . . And. . . Causing an issue. . . With the stairs. . . And. . . That's when this coal. . . Slipped and fell. . . I think there were three. . . Material questions of fact. . . That plaintiff states. . . Still remain in this case. . . One being. . . Whether the. . . The ice. . . Was an unnatural accumulation. . . And I think we covered that. . . I don't believe. . . That there's any nexus. . . Between. . . A defect. . .  An unnatural accumulation. . . The second one was. . . The notice issue. . . And the third was. . . Whether the. . . Ice. . . That proximately. . . Caused her injuries. . . And I. . . I believe that. . . You know. . . Ms. Cole. . . Hasn't really established. . . That. . . There's any evidence. . . To defeat. . . Somebody's judgment. . . Again. . . At the close of discovery. . . There was no evidence. . . Presented about any defects. . . And. . . And again. . . At the beginning of her complaint. . . She. . . You know. . . Stated to Rip. . . That she's. . . Relying on the fact. . . That there was defective gutters. . . That caused. . . Her. . . The ice formation. . . And. . . We never had any discovery done. . . Regarding any defective gutter. . . And. . . It. . . Ended up being a moving target. . . About. . . You know. . . What. . . Caused the. . . Alleged. . . Unnatural accumulation. . . And. . . Again. . . The. . . Cases. . . That. . . Plaintiff relied on. . . The. . . Lapidus case. . . I believe. . . Which was an issue. . . In the. . . The. . . Motion to reconsider. . . Hearing. . . That wasn't raised previously. . . Even if it was considered. . . By the trial court. . . At summary judgment. . . I don't believe. . . It helped. . . The. . . Ms. Cole. . . Because. . . In that case. . . There were. . . Multiple witnesses. . . That testified. . . That over. . . Two and a half years. . . Water repeatedly. . . Dripped on a. . . Landing. . . And causing. . . Depression. . . And when that depression froze. . . It caused ice. . . And that was something. . . That the landowner. . . Landowner knew about. . . And so. . . There was constructive notice. . . And actual notice. . . In that case. . . And Durkin. . . Plaintiff. . . Also cites. . . About. . . The defective gutters. . . And in that case. . . There was actual. . . Expert testimony. . . Of holes in the gutters. . . That caused. . . The ice to form. . . So I don't think. . . That case. . . Is really instructive here. . . Because again. . . We don't have. . . We don't have any evidence. . . About defective gutters. . . Causing any type of. . . Unnatural accumulation. . . And in the Horacek case. . . I know. . . Counselor mentioned. . . When. . . The. . . The. . . And someone. . . Putting a pile. . . Knowing that. . . That pile. . . Was going to melt. . . And cause. . . And melt into. . . A depreciation. . . In the parking lot. . . And that was a cause. . . Of the unnatural accumulation. . . So. . . Push that snow in a pile. . . And caused it to freeze. . . So I don't. . . I. . . I just don't think. . . That those help. . . Or would have defeated. . . Summary judgment. . . At the. . . During the argument. . . And then. . . I have a question. . . About maintenance. . . Personnel here. . . Ever indicate. . . How come there was. . . Ice and snow. . . In some parts of the. . . Stairs. . . And not on others. . . They did not. . . And. . . I don't think there was any testimony. . . About. . . Who else would have. . . Cleared the snow. . . Moved the snow. . . They were. . . Contracted. . . Her name does maintenance. . . Was contracted to come out. . . When there was. . . About. . . I think over. . . An inch or so. . . Of snow. . . That they. . . They made a decision. . . When to come out. . . And remove the snow. . . There certainly wasn't. . . Any prohibition. . . For the. . . Tenants. . . Themselves. . . To clear the snow. . . So. . . He didn't have any. . . He never testified. . . As to why there was. . . Ice in some places. . . But not on the stairs. . . And I think the. . . The last point. . . I wanted to discuss. . . Was the. . . Reconsideration. . . Argument. . . Again. . . The. . . Plaintiff. . . Raised some issues. . . In her brief. . . About. . . The court. . . Erring. . . And not. . . Allowing oral. . . Argument. . . Or that. . . They misapplied the law. . . And. . . I just wanted to correct. . . I was at the. . . The hearing. . . And it wasn't at. . . The. . . Summer. . . It wasn't at. . . Summer Judgment. . . It was the. . . Motion to reconsider. . . Where. . . There was some. . . Issue about. . . The court. . . Not accepting. . . The. . . Presentation of evidence. . . That was. . . Available. . . At the time of the. . . Summer Judgment hearing. . . And. . . I. . . I think that was. . . A correct. . . There was no. . . New evidence presented. . . At the. . . Motion to reconsider. . . And that. . . The court did not err. . . In. . . Disallowing any. . . Further oral argument. . . I think it's within. . . The court's discretion. . . To allow oral. . . Arguments. . . And. . . The. . . The. . . I have. . . Belief. . . That. . . Supreme Court Rule. . . 341. . . Allows. . . Or. . . Addresses. . . Plaintiffs. . . Attempt. . . To raise new arguments. . . I think that. . . There was a new. . . Amendment. . . This year. . . That. . . That talked about. . . The forfeiture. . . Argument. . . Concerning. . . Waiver. . . An. . . Argument. . . Not. . . Made. . . Is. . . Forfeited. . . Certainly. . . This. . . Court. . . Can. . . Choose. . . To. . .  Any. . . Issue. . . Not. . . Made. . . But. . . At. . . The. . . Trial. Court. . . And. . . I think. . . There. . . There are. . . They are. . . Restricted. . . To. . . What. . . Was. . . Raised. . . And. . . Have. . . No. . . Obligations. . . To. . . Scour. . . The. . . Record. . . And. . . Make. . . An. . . Argument. . . For. . . The. . . Plaintiff. . . To. . . Defeat. . . Summer. . . Judgment. . . I mean. . . The burden here. . . I believe. . . If. . . This. . . Is. . . Important. . . Because. . . My. . . Client. . . Who. . . Moved. . . For. . . Summer. . . Judgment. . . Can. . . Meet. . . Its. . . Burden. . . By. . . Either. . . Firmly. . . Disproving. . . The. . . Case. . . Or. . . Establishing. . . That. . . The. . . Summer. . . Judgment. . . Hearing. . . Putting. . .  On. . . Us. . . On. . . Ms. Cole. . . To. . .            Issue. . . Of. . . Fact. . . And. . . Again. . . This. . . Was. . . A. Premises. . . To. . . Say. . . Hey. . . Can. . . We. . . Help. . . This. . . I. Need. . . To. . . Get. . . More. . . Discovery. . . Or. . . I. Want. . . To. . . Amend. . . My. . . Pleadings. . . And. . . I. Think. . . We. . . Had. . . At. . . Least. . . Six. . . To. . . Five. . . Months. . . So I. . . Just. . . In between the time. . . Salary. . . Judgment is. . . Just. . . A question. . . Is. . . Is there. . . A question of a. . . Material. . . Fact. . . That. . . Is all. . . You. . . And. . . I. don't believe. . . There. . . Was. . . There. was. . .  Form. . . Are needed. . . To. . . Show. . . Evidence. . . To. . . Prove. Her. . . Case. . . I. think. . . She. . . Could. . . Have. . . Asked. . . For. . . Additional. . . Time. . . Presented. . . The. . . Get. . . Got. . . An. . . Expert. . . Stop. . .  To. . . Get. . . An. . . Expert. . . But. . . By. . . By. . . The. . . Time. . . We. . . Heard. . . The. . . Motion. . . To. . . Discuss. . . Disclose. . . I. . . Believe. . . You know. . . I. . . I. . . Had. . . Offered. . . Expert. . . Testimony. . . Regarding. . . Damages. . . And. . . I. . . Don't. . . Believe. . . That. . . There. . . Was. . . Any. . . Issue. . . With. . . Not. . . Being. . . Able. . . To. . . Present. . . The. . . Case. . . So. . . I. . . Believe. . . The. . . Trial. . . Court. . . Was. . . Correct. . . In. . . Granting. . . Summary. . . Judgment. . . That. . . There. . . Is. . . No. . . Material. . . Issue. . . Of. . . Fact. . . That. . . Remains. . . In. . . This. . . Case. . . And. . . That. . . There. . . Wasn't. . . A. . . Good. . . Grounds. . . Not. . . To. . . Grant. . . Reconsideration. . . Thank you. Thank you. We're going to take this case under advisement and we'll enter a decision shortly.